## Wilkie & Tuller *vs.* Jones.

### *Error to Desmoines.*

Where by publication, a defendant in attachment is required to appear and plead by the *next term*, this refers to the *next general term*, provided a special term has not been duly ordered at the time of the publication.

Attachment being a violent remedy, the law is to be strictly construed.

Where there is no personal service, but judgment is rendered on the attachment and publication, it should be entered up *in rem*, and not *in personam*.

This suit was commenced against the plaintiffs in error, by summons and attachment, returnable to the February term 1840. The attachment was served on the property of the defendants below, but the summons was returned "not found." There being no appearance at the February term, publication was made, pursuant to law, requiring defendants to appear and plead at the *next term*, or judgment would be entered up against them.

Before the next regular term, a special term was appointed, and held in May of the same year. At that special term, judgment was entered up against the defendants *in personam* by default, which the plaintiffs in error insist was erroneous in two particulars.

1. Because it was entered up at the special term.

2. Because it was entered up *in personam* it being a proceeding *in rem.*

Wm. H. Starr, for plaintiff in error.

13

BROWNING, for defendant in error.

BY THE COURT, WILSON, JUSTICE.—This action was commenced on the 31 December 1839, to February term 1840. Summons was issued and returned to February term, not served. Notice was published 31 March, 1840 to defendants to appear at *next term.*

The proceeding in attachment as authorized by the statutes of the several states is always viewed as a violent proceeding. A proceeding wherein the plaintiff at the inception of his suit seizes upon the property of the defendant without waiting to establish his claim before the judicial tribunals of the land, and the statute authorizing it has invariably received a strict construction. The Statute of Iowa, page 55, sec. 20, provides that " if the process by which the suit is commenced, should not be served upon the defendant, and a voluntary appearance be not entered by him before the end of the term at which the writ of attachment aforesaid was made returnable, immediately after such term the clerk who issued said writ shall make out an advertisement in which he shall state the names of the parties, the time when, from what court, and for what sum said writ of attachment issued, and that unless the defendant appear and plead before the next term of the court, judgment will be entered and the property so attached will be sold to satisfy the same. " It appears that immediately after the expiration of the February term, a notice was made out by the clerk to the defendants to appear at *next term*, &c., without mentioning the time at which the term would commence.

No special term could, at the time of the publication of the notice be legally anticipated, because the steps to authorize any special term had not been taken. The Statute, page 129, sec. 8, provides that " whenever the judge of any of the districts shall consider it necessary that a special term of the court should be held in any of the counties of his district for the trial of either criminal or civil causes he shall notify the sheriff of the said county of the same, and it shall be the duty of the sheriff to put up at each of the precincts in said county a notice of the time when said court shall commence, at least three weeks previous to said special term. " If the notice had even been put up at the different precincts in the county at the time of publication of notice and three weeks had elapsed from the time of such posting up, one of the essentials to the creation of the special term did not exist, and the time of holding such term was not established. Therefore the notice could not contemplate or point to any term except a term known to the law at the time of

such publication. We think that it was error to take judgment at the special term. This is the construction which the spirit of the law would seem to indicate—any other might operate great oppression and hardship to defendants.

As to the second point presented by the bill of exceptions, we are of the opinion that as there was no personal service, the judgment should have been *in rem,* and not *in personam.* The 24th section of the attachment law, (p. 56,) provides that the final judgment in this action shall be conclusive so for as regards the property attached.

The 25th section authorizes a sale of the property attached to satisfy the plaintiff's demand, and the 26th section authorizes the institution of a new suit if the proceeds arising from the sale of the property attached be insufficient. These sections, together with the adjudications of courts upon similar questions warrant the conclusion that there was error in entering up the judgment *in personam.*

The judgment below is reversed.